IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Criminal Case No. 07–cr–00172–EWN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

11.    DANIEL HARRIS,
       a/k/a "PT,"

    Defendant.

---

**ORDER AND MEMORANDUM OF DECISION**

---

    This is a criminal case in which the Government alleges Defendants engaged in a broad conspiracy to distribute controlled substances. Much of the salient evidence against Defendants is the fruit of wiretaps authorized by judges sitting in this district. This matter comes before the court on Defendant Daniel Harris' "Motion for Reconsideration," filed February 1, 2008.

    At a June 22, 2007, status conference, I made clear that suppression motions were to be submitted to the court in two rounds. (*See generally* Mins. of 6/22/07 Status Conf. [filed June 22, 2007].) The first round, for which the briefing deadline has already passed, was to be limited to issues evident within the "four-corners" of the wiretap documents. (*See id.*) The second round, for which the parties are currently briefing, is to address issues which would require review and analysis outside the wiretap applications and orders, such as false statements, material omissions, and minimization. (*See id.*)

On August 8, 2007, Defendant Harris filed a lengthy motion to suppress the fruit of several wiretaps based on the Government's failure to show probable cause and necessity within the "four-corners" of its wiretap applications. (Mot. to Suppress Unlawfully Intercepted Aural, Electronic and Wire Communc'ns, and Mem. in Supp. Thereof [filed Aug. 8, 2007] [hereinafter "Def.'s First Br."].) On December 21, 2007, I denied Defendant Harris' motion. (Order and Mem. of Decision [filed Dec. 21, 2007] [hereinafter "First Suppression Order"].) In my order, I engaged in a detailed analysis of the Government's applications to place a wiretap on Defendant Harris' telephones and found, in each case, that the Government had proffered sufficient facts to establish probable cause with respect to Defendant Harris. (*See id.* at 21–26.)

Much to this court's surprise, on January 29, 2008, well after the "four-corners" deadline had passed, Defendant Harris filed a second motion for suppression of the fruit of certain wiretaps again based on the Government's failure to show probable cause with respect to him. (Mot. to Suppress Intercepted Commun'cs (Lack of Probable Cause), and for Evidentiary Hr'g in Supp. of Mot. to Suppress Unlawfully Intercepted Aural, Electronic and Wire Commun'cs, and Mem. in Supp. Thereof [filed Jan. 29, 2008] [hereinafter "Def.'s Second Br."].) On January 31, 2008, I denied Defendant Harris' motion because I found that "[a]lthough styled as a motion to suppress based on the Government's 'omissions of factual bases sufficient to sustain [its] conclusions supporting probable cause,' the brief is obviously a 'four-corners' motion challenging findings I have already made in my [First Suppression Order]." (*See* Order and Mem. of Decision at 2–3 [citing Def.'s Second Br. at 20–26] [filed Jan. 31, 2008] [hereinafter "Second Suppression Order"].) I premised my denial on the *alternative* holdings that: (1) Defendant Harris' motion

2

was untimely as a "four-corners" motion; and/or (2) the reasons for my denial of his first suppression motion apply with equal force to his second suppression motion. (*See id.* at 3–4.)

On February 1, 2008, Defendant Harris filed a motion to reconsider, admitting that his two suppression motions addressed many of the same alleged deficiencies in the Governments wiretap applications. (Mot. for Reconsideration [filed Feb. 1, 2008] [hereinafter "Reconsid. Mot."].) Still, Defendant Harris urges that his second suppression motion was not a "four-corners" motion because: (1) it focused on the Government's "material omission" of failing to support its probable cause statement with sufficient facts; and (2) linesheets of recorded calls and certain transcripts prepared by Defendant Harris' investigators were attached as exhibits. (*See* Reconsid. Mot.)

As to Defendant Harris' first contention, I begin by quoting from my Second Suppression Order addressing this *very argument*:

> A defendant may request an evidentiary hearing under *Franks v. Delaware*, 438 U.S. 157, 171–72 (1978), where the defendant can demonstrate deliberate falsehood or reckless disregard for the truth. Deliberate falsehood and reckless disregard, as set forth in *Franks*, may include "material omissions, as well as, affirmative falsehoods." *United States v. Avery*, 295 F.3d 1158, 1166 (10th Cir. 2002). Additionally, "'[r]ecklessness may be inferred from the omission of facts which are clearly critical' to the finding of th issuing judge." *United States v. Small*, 229 F. Supp. 2d 1166, 1190 (D. Colo. 2002) (quoting *Bruning v. Pixler*, 949 F.2d 352, 357 [10th Cir. 1991]).
>
> In his second suppression motion, Defendant Harris essentially argues that he is due a *Franks* hearing, because Special Agent Todd Wilcox of the FBI, who signed the affidavits supporting the Government's wiretap applications, failed to support his statements of probable cause regarding Defendant Harris with sufficient facts to actually establish probable cause. (*See* Def.'s Second Br. at 20–26.) In that sense, Defendant Harris argues, Agent Wilcox made material omissions of those facts. (*See id.*) Defendant Harris, however, is careful to disclaim any argument that Agent Wilcox "engaged in deliberate falsehoods, or proffered erroneous assertions in reckless disregard of the truth." (*See id.* at 24.)

3

> Whether styled as an "omission" or as a failure to establish probable cause, Defendant Harris has already made this precise argument in his first motion to suppress. (*See* Def.'s First Br. at 28–37.) More importantly, this court has already *expressly ruled* that Agent Wilcox's affidavits *did support* a finding of probable cause with respect to Defendant Harris where required. (*See* Order at 21–26.)

(*See* Second Suppression Order at 3.) As I made clear in my Second Suppression Order, this court views Defendant Harris' "new" omission argument as a distinction without difference from his argument in his first suppression motion that Agent Wilcox's affidavits included insufficient facts to establish probable cause as to Defendant Harris. (*See id.* at 3–4.) Because the court has previously found that Agent Wilcox *did* proffer sufficient facts to support a finding of probable cause as to Defendant Harris where required, Defendant Harris' argument that Agent Wilcox's affidavits *omitted* sufficient facts supporting a finding of probable cause *necessarily fails.* (*See* First Suppression Order at 21–26.) It is on this basis that I denied Defendant Harris' second suppression motion, and I see no reason to reconsider that decision now. (*See* Second Suppression Order at 2–3.)

In the alternative, I also held that Defendant Harris' second suppression motion must be denied because it was — in effect — an untimely "four-corners" motion. (*See id.* at 3–4.) Defendant Harris challenges this ruling based on his having attached to his second suppression motion certain transcripts and linesheets that were outside the "four-corners" of the wiretap applications. (*See* Reconsid. Mot. at 2.) Yet, a monkey carrying a handbag does not a human make. Regardless of what is *attached* to Defendant Harris' second suppression motion, it is the *substance* of his motion that makes clear he attacks the "four-corners" of the Government's

4

applications — namely, by arguing that Agent Wilcox swore under oath that probable cause existed with respect to Defendant Harris and "then fail[ed] to provide the detailed (rather than conclusory) information to sustain that showing . . . ."[1] (Def.'s Second Br. at 25.) Based on the foregoing, I see no reason to reconsider my Second Suppression Order denying Defendant Harris' second suppression motion on two alternative grounds: (1) as a four-corners motion, it is untimely; and (2) for all of the reasons stated in my First Suppression Order (*See* First Suppression Order.

*Conclusion*

Based on the foregoing, it is therefore ORDERED that Defendant Harris' motion for reconsideration (#894) is DENIED.

Dated this 1st day of February, 2008.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge

---

[1] Defendant Harris also argues that Agent Wilcox was required to support his statement that probable cause existed with respect to all named interceptees with detailed facts. Because I have already found in my First Suppression Order that the Government was only required to establish probable cause as to the target(s) of the wiretap application, and not to all named interceptees, any "omission" of facts supporting Agent Wilcox's statement or probable cause with respect to named interceptees is necessarily immaterial. (*See* First Suppression Order at 19.)